## Walter Eden, Administrator of the Estate of David C. Chase, deceased, v. S. P. Drake, Surviving Partner of the Firm of Drake & Smith.

1. PLEADING—*Declaration by an Administrator Against a Surviving Partner.*—The opinion states the declaration in full, and the court holds it clearly good in form and substance.

**Assumpsit.**—For money had and received. Appeal from the County Court of Moultrie County; the Hon. ISAAC HUDSON, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed May 16, 1896.

. R. M. PEADRO, attorney for appellant.

HARBAUGH & WHITAKER, attorneys for appellee.

·OPINION PER CURIAM.

The only question presented here is as to the sufficiency of the declaration as amended, which was as follows:

Walter Eden, plaintiff, administrator of the estate of David C. Chase, deceased, who died intestate, complaining of S. P. Drake, surviving partner of the late firm of Drake & Smith, bankers, of a plea of trespass on the case on promises; for that whereas in the lifetime of said David C. Chase, since deceased, and in the lifetime of one Isaac Smith, since deceased, to wit, on the 28th day of May, A. D. 1895, at the county aforesaid, the defendant and the said Isaac Smith, partners, doing business as bankers, received of and from said David C. Chase, styling him D. C. Chase, attorney, the sum of $2,350 on deposit for account of David C. Chase, by the name and style of D. C. Chase, attorney; and the defendant and said Smith then and there executed and signed an instrument in writing whereby they acknowledged the receipt of said sum of $2,350, deposited for the account of David C. Chase, by the name and style of D. C. Chase, attorney, and then and there delivered said instrument in writing to said David C. Chase, by means whereof the defendant and said Smith then and there, to wit, on the day and year

aforesaid, at the county aforesaid, became liable to pay to said David C. Chase the said sum of money in said written instrument mentioned, when they should be thereunto afterward requested, and being so liable, the defendant and the said Smith in consideration thereof then and there promised the said David C. Chase to pay to him the said amount when they should be thereunto afterward requested. And, whereas also, afterward, and in the lifetime of said David C. Chase, and in the lifetime of the said Isaac Smith, both since deceased, to wit, on the 26th day of May, A. D. 1885, at the county aforesaid, the defendant and the said Isaac Smith were indebted to said David C. Chase in the sum of $2,350 for money then and there received by the said defendant and Isaac Smith, to and for the use of said David C. Chase; and in the further sum of $2,350, for money then and there paid, laid out and expended by said David C. Chase to and for the use of the said defendant and the said Isaac Smith, at their request; and in the further sum of four hundred dollars for interest on divers large sums of money before that time forborne to be collected by said David C. Chase, and due and owing by the said defendant and said Isaac Smith to said David C. Chase, at their request. And being so indebted to the said defendant and the said Isaac Smith, in consideration thereof, then and there promised the said David C. Chase to pay him said several sums of money when they should be thereunto afterward requested, yet the said defendant and the said Isaac Smith, though often requested, have not nor has either of them ever paid to said David C. Chase in his lifetime nor to the plaintiff, since the death of said David C. Chase, said several sums of money or any or either of them or any part thereof, but the defendant and Isaac Smith, in his lifetime and in the lifetime of said David C. Chase, refused, and the defendant ever since the death of said Isaac Smith refused, to pay the same to the said David C. Chase, and since the death of said David C. Chase still refuses to pay the same or any part thereof to the plaintiff, to the damage of the plaintiff as administrator as aforesaid, of eight hundred dollars.

And the plaintiff brings into court here the letters of administration to him granted by the County Court of the County of Moultrie, in the State aforesaid, which give sufficient evidence to the court here of the grant of administration of the said estate to the plaintiff, etc.

WALTER EDEN,

Adm'r of estate of David C. Chase, deceased.

R. M. PEADRO, Att'y for Pl'ff.

S. P. Drake.                                Isaac Smith·

HARDWARE BANK.

Deposited for account of D. C. Chase, attorney, 5—28 1885, $          cts.

Currency,                                      $2,350.

Two thousand, three hundred and fifty dollars.

DRAKE & SMITH.

And a statement of the account sued on in the second count in the usual form.

To this declaration the defendant interposed a demurrer, assigning nine special causes of objection, which need not be here stated. The court, however, sustained the demurrer, and the plaintiff electing to stand by his declaration, rendered judgment against him.

The declaration is clearly good in form and substance. The various objections were without merit. For this error the judgment must be reversed and the cause remanded, with directions to require the defendant to plead to the declaration.